(No. 5936—

NATHAN TURKIN, as Special Administrator of Estate of SANDRA TURKIN, deceased, Claimant, *vs.* STATE OF ILLINOIS, DIVISION OF HIGHWAYS, Respondent.

*Opinion filed March 14, 1975.*

ROBERT SIMON, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; EDWARD L. S. ARKEMA, JR., Assistant Attorney General, for Respondent.

PERLIN, C. J.

Nathan Turkin, as Special Administrator of the estate of his deceased wife, Sandra Turkin, has brought this action to recover for personal injuries suffered by his wife on November 29, 1969, when she tripped on a depression in a street which was under the jurisdiction and control of respondent. Claimant seeks to recover the sum of $1,000 on a theory that respondent negligently permitted a dangerous condition to develop on Dempster Street at its intersection with Austin Avenue in Morton Grove, Illinois, which constituted a danger to pedestrians crossing the street, and which proximately caused the injury to Mrs. Turkin.

The facts are not in dispute. On November 29, 1969, at approximately 3:45 p.m., Claimant and his 52-year old wife were crossing Dempster Street at its intersection with Austin Avenue in Morton Grove, Illinois. Dempster Street at this point is State Highway 58, and the parties have stipulated that the State of Illinois was under a duty to maintain the roadway.

The deceased and her husband were crossing from the northeast to the southeast corner of the intersection, intending to enter a drug store located on the southeast

corner. The weather was clear and dry, and the deceased and her husband were crossing with a stop light. They were generally unfamiliar with the area, and had never previously crossed Dempster Street at the point of the incident.

There was a marked crosswalk across Dempster Street leading from the northeast to the southeast corner. Claimant and his wife crossed within the crosswalk until they approached a point about 15 feet north of the south curb of Dempster Street, when they veered slightly outside the marked crosswalk in the direction of the door to the drug store on the southeast corner. At this point, claimant's wife's foot caught in a depression in the pavement, and she fell to the ground.

Photographs of the accident site introduced into evidence show that the depression was located just outside the marked crosswalk. The depression was about one to two inches deep, six feet long and one foot wide, and ran in an easterly direction.

After the fall, Mr. Turkin helped his wife to the sidewalk and called the Morton Grove Police who arrived shortly thereafter and took Mrs. Turkin to Skokie Valley Hospital. X-rays were taken at the hospital and she was examined by a physician. She suffered an injury to her right ankle and right foot, and was thereafter examined both by her family physician and an orthopedic surgeon. The orthopedic surgeon diagnosed her condition as periosteitis, an inflammation of the membrance which surrounds the bone of the foot and leg. Mrs. Turkin walked on crutches for about 30 days after the incident and used a cane for about three months thereafter. Her mobility was limited for about seven months after the incident, and she incurred $155 in medical expenses as a result thereof.

Mr. Howard Plebin, employee of the drug store located on the southeast corner of Dempster Street and Austin Avenue, testified that he was familiar with the depression into which Mrs. Turkin fell, and that the depression had existed at least since the early part of 1969.

Joseph J. Kostur, Jr., the regional safety claims administrator for the State of Illinois, testified that he was familiar with all complaints received by the State pertaining to defects in Dempster Street at Austin Avenue, and that there were no records of the State having received actual notice of the condition of the roadway prior to November 29, 1969.

On May 3, 1971, Mrs. Turkin died of causes unrelated to this incident and Nathan Turkin was appointed as Special Administrator to prosecute her claim.

Respondent is not an insurer of either the condition of all roadways within its jurisdiction and control, or the safety and well-being of all persons traveling thereon. Rather, the respondent is chargeable only with maintaining its roads in a reasonably safe condition for the purpose for which they are intended. *Schuck* v. *State of Illinois*, 25 C.C.R. 209; *Weygandt* v. *State*, 22 C.C.R. 498. In order for claimant to prevail on his claim, he must prove by a preponderance of the evidence that the respondent breached his duty; that the breach proximately caused the injuries to his intestate; and that his intestate was free of contributory negligence.

Photographs of the accident site introduced by both parties show a wide, shallow depression in the pavement. At most, the depression was two inches deep, and was located wholly outside the marked pedestrian crosswalk. After a careful examination of these photographs, and a

consideration of the testimony describing the accident scene, we conclude that the defect in the roadway was not so marked as to constitute a danger to pedestrian traffic. Respondent thus did not breach its duty of maintaining the roadway in a reasonably safe condition.

We also conclude that at the time of the accident, Mrs. Turkin was not in the exercise of due care and caution for her own safety. The accident occurred on a clear, dry day, and the depression in the street, while shallow, was clearly visible. Mrs. Turkin apparently walked outside the pedestrian crosswalk directly into the depression, whereas it would appear that a person acting with due care should have seen the depression. The Court must conclude from the evidence before it, that decedent was not free from contributory negligence.

This claim is accordingly denied.